Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3270 | **DATE** | 10/13/2004 |
| **CASE TITLE** | Nicholas Escamilla vs. J. R. Walls, Warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Escamilla's motions for a certificate of appealability (52-1) and to proceed on appeal in forma pauperis (53-1) are granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | 1 COPY TO APPEALS CLERK | Document Number |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | OCT 14 2004 | |
| | Notified counsel by telephone. | | | date docketed | 55 |
| | Docketing to mail notices. | | | JXM | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 10/13/2004 | |
| | | | | date mailed notice | |
| | GL | courtroom deputy's initials | | GL | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS ESCAMILLA, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 00 C 3270 |
| | ) | |
| J.R. WALLS, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

DOCKETED
OCT 1 4 2004

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

On June 2, 1994, a jury convicted Petitioner Nicholas Escamilla of first-degree murder and sentenced him to twenty-nine years imprisonment. Following the denial of his appeal, Escamilla petitioned this court for a writ of habeas corpus, which we dismissed on July 29, 2004 as untimely. Presently before us is Petitioner's motion for a certificate of appealability ("COA") and his motion to proceed *in forma pauperis* on appeal. We grant his motion for a COA as described below and grant his motion to proceed *in forma pauperis* on appeal.

I. Certificate of Appealability

A. Standard of Review

A COA is required to take an appeal to the Court of Appeals from a final order in a habeas proceeding. *See* 28 U.S.C. § 2253(c). A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* The Supreme Court, in *Slack v. McDaniel*, elucidated two methods by which a district court is to evaluate a request for a COA. 529 U.S. 473, 483-84 (2000). First, when the district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

55

assessment of the constitutional claims debatable or wrong." *Id.* at 484. Alternatively, when the district court denies a petitioner's claims "on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Pursuant to the guiding principle laid out in *Ashwander v. Tennessee Valley Authority*, the Court encouraged district courts to resolve procedural issues first, if their resolution would avoid the need to pass upon the constitutional questions. *See Slack*, 529 U.S. at 485 (citing *Ashwander*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring)).

**B. Analysis**

Escamilla seeks a COA as to seven claims: (1) failure to prove requisite intent for accountability in murder beyond a reasonable doubt; (2) the jury was not properly instructed on second degree murder and other relevant defenses; (3) the petitioner was denied a fair trial where two non-expert witnesses were allowed to give unqualified testimony; (4) the petitioner was denied effective assistance of counsel; (6) petitioner's confession was coerced and taken by officers who had a pattern of abuse; and (7) petitioner asserts his actual innocence based on new evidence.

We dismissed Escamilla's habeas petition on July 29, 2004 based upon procedural grounds, i.e., (1) that the petition was time-barred because it was filed outside of the one year statute of limitations, (2) that the statute of limitations should not be tolled under 28 U.S.C. § 2244(d)(1)(D), and (3) that the petitioner failed to demonstrate the "actual innocence" exception for procedurally defaulted claims. *See Escamilla v. Walls*, No. 00-C-3270, 2004 WL 1718657 (N.D. Ill. July 30, 2004). On September 8, 2004, Escamilla filed an amended motion for a COA in which he disputes this court's procedural ruling that his petition was untimely, primarily asserting that 28 U.S.C. § 2244(d)(1)(D)'s tolling provision should

2

apply to his petition, and, alternatively, his petition should be equitably tolled based on the actual innocence exception. Although we strongly believe that we were correct in our application of the tolling provision in 28 U.S.C. § 2244(d)(1)(D) to Escamilla's petition, we hold that Escamilla has met the lower threshold of showing that reasonable jurists would find debatable our procedural ruling that the statute of limitations should not be tolled.

1. **Calculation of the Statute of Limitations**

In our Order of July 29, 2004, we held that the one year statute of limitations applicable to habeas corpus actions had passed on Escamilla's petition. 28 U.S.C. § 2244(d) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus," and the limitations period begins to run "on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is tolled while a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). Escamilla's direct appeal ended on October 1, 1997 when the Illinois Supreme Court denied his motion for leave to appeal. He filed his habeas petition on May 30, 2000 and then brought a post-conviction petition in the Circuit Court of Cook County, Illinois on September 1, 2000. The statute of limitation period thus began to run when, ninety days after his motion for leave to appeal to the Illinois Supreme Court was denied on October 1, 1997, he failed to apply for a writ of certiorari from the United States Supreme Court or seek other state post-conviction relief. Escamilla filed his petition for habeas corpus nearly three years later, during which time there was no pending post-conviction proceeding, and therefore, his petition was untimely.[1]

---

[1] Escamilla had renewed his habeas petition after the conclusion of his unsuccessful post-conviction petition and argued that the statute of limitations did not begin to run until the proceedings in his post-conviction petition concluded on May 8, 2003. We rejected this argument because it ignored the fact that when Escamilla *originally* filed his petition in May of 2000, he had already missed § 2244(d)'s deadline. *Escamilla*, 2004 WL 1718657, at *2.

3

## 2. Tolling the Statute of Limitations under § 2244(d)(1)(D)

Escamilla argues in his application for a COA that the statute of limitations should be tolled based upon § 2244(d)(1)(D), under which the limitations period will begin running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). We held that the triggering factual predicate for Escamilla's claim of a coerced confession was an alleged pattern of physical abuse by several police officers, which could have been discovered through the exercise of due diligence well before the one-year statute of limitations ran. Likewise, we held that the triggering factual predicate for Escamilla's claim of ineffective assistance of counsel, that a testifying witness may have been improperly influenced by police pressure, could also have been discovered through due diligence with the limitations period. Therefore, we declined to toll the limitations period.

Escamilla argues in his application for a COA that the triggering factual predicate for § 2244(d)(1)(D) is the state court's decision on his post-conviction petition on October 7, 2003, and not the underlying facts related to his constitutional claims. In support of this argument, Escamilla cites *Surrat v. Boyd*, which held that the final adjudication of the state court's decision is a factual predicate under § 2244(d)(1)(D) because part of the basis of a valid federal habeas action is a showing that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented or was contrary to clearly established federal law. No. 99-C-7750, 2000 WL 748138, at *3 (N.D. Ill. June 2, 2000). Escamilla also cites cases from other circuits, which have held that a court decision may be a triggering factual predicate under § 2255(4), a parallel provision to § 2244(d)(1)(D). *See, e.g., United States v. Gadsen*, 332 F.3d 224, 226-27 (4th Cir. 2003). Our ruling on this issue was based upon the Seventh Circuit's decision in *Owens v. Boyd*, which held that § 2244(d)(1)(D) is triggered when the prisoner could have discovered the evidentiary facts or events underlying a claim,

4

and is not triggered upon court rulings or the legal consequences of the fact. 235 F.3d 356, 359 (7th Cir. 2000). We believe that this is a correct interpretation of § 2244(d)(1)(D) based upon *Owens*, and also upon the plain and logical reading of the statute;[2] however, Escamilla has shown that this issue is debatable among reasonable jurists, and therefore, we grant a COA on this issue.

### 3. Actual Innocence Exception

Escamilla urges that even if the statute of limitations has run on his action, his petition should be reviewed on the merits because the actual innocence exception applies to his case. An actual innocence claim may provide a gateway for federal habeas courts to review procedurally defaulted claims. *Caffey v. Briley*, 266 F. Supp. 2d 789, 793 (N.D. Ill. 2003) (citing *Herrera v. Collins*, 506 U.S. 390 (1993)). However, both the United States Supreme Court and the Seventh Circuit have stressed that the actual innocence exception applies only in the most extraordinary cases. *Schulp v. Delo*, 513 U.S. 298, 327 (1995); *Bell v. Pierson*, 267 F.3d 544, 552 (7th Cir. 2001). To invoke the actual innocence exception, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence," *Schulp*, 513 U.S. at 327. In support of his actual innocence claim, Escamilla asserts that the only incriminating evidence was his coerced confession in violation of his Fifth Amendment rights, which he supports with new evidence of a pattern of police abuse. However, the record indicates that there was eyewitness testimony at trial and that Escamilla admitted in his trial testimony that he was present at the shooting. As such, we believe that reasonable jurists would not disagree with our holding that Escamilla has failed to meet the very stringent standards of the actual innocence exception to override § 2244(d)(1)'s statute of limitations. We therefore decline to grant a COA on this issue.

---

[2]The interpretation suggested by Escamilla would render the factual discovery limitation practically meaningless and substantially increase the number of potential claims that must be litigated. *See United States v. McAdory*, No. 04-C-888, 2004 WL 906013, at *3 (N.D. Ill. 2004).

5

4.  **Constitutional Claims**

The second step of the COA analysis requires us to find that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484. Having ruled on Escamilla's petition based upon the procedural issue, we did not have occasion to reach the constitutional merits of his claim. However, upon cursory review, it appears that jurists of reason could differ as to the petition's merits regarding his claims of ineffective assistance of counsel in violation of the Sixth Amendment and a coerced confession in violation of the Fifth Amendment.

## II.  Proceeding *In Forma Pauperis* on Appeal

Escamilla has requested permission to proceed *in forma pauperis* on his appeal of our denial of his habeas corpus petition. As a threshold matter, an appeal may not be taken *in forma pauperis* if the court determines that the appeal is not in good faith. 28 U.S.C. § 1915(a)(3). The standard for determining whether an appeal is in good faith is less demanding than the standard governing the issuance of a COA. To determine that an appeal is in good faith, the court need only find that a reasonable person could suppose that the appeal has some merit. *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Escamilla has met this reduced burden of showing good faith. As such, it is necessary to examine his request to proceed *in forma pauperis* under the requirements outlined in 28 U.S.C. § 1915 and Fed. R. App. P. 24.

Escamilla has submitted the information required under 28 U.S.C. § 1915 and Fed. R. App. P. 24, including an affidavit indicating his financial assets, the nature of his appeal, and an official statement of his institutional account for the last six months. His affidavit indicates that he earns only $25.00 per month and has $51.11 in his institutional account. We are satisfied that Escamilla has shown

his inability to pay or to give security for fees and costs and, therefore, grants his motion to proceed *in forma pauperis*.

### III. CONCLUSION

For the foregoing reasons, Escamilla's motions for a certificate of appealability and to proceed on appeal *in forma pauperis* are granted. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 10/13/04